F. TYLER MORGAN AND HELEN W. MORGAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Morgan v. Commissioner
Docket No. 4338-74
United States Tax Court
T.C. Memo 1978-116; 1978 Tax Ct. Memo LEXIS 394; 37 T.C.M. (CCH) 524; T.C.M. (RIA) 780116; March 27, 1978. *394 Petitioner owned two automobiles, one of which was used primarily in petitioner's trade or business. Held, petitioner failed to prove that the business use of that automobile was in excess of the amount determined by respondent. Petitioner owned a yacht. Held further, petitioner failed to substantiate the business use of the yacht as required under sec. 274. The yacht was damaged during a hurricane. Held further, all damages alleged by petitioner were covered by insurance with the exception of the $400 deductible clause. Therefore, petitioner is entitled to a sec. 165(c)(3) deduction only to the extent of $400 less the $100 floor. H. Wayne Grant, for the petitioners. Wm. Robert Pope, Jr., for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: Respondent, on March 21, 1974, issued a statutory notice of deficiency in which he determined the following deficiencies in petitioners' Federal income tax: Calendar Year
Deficiency
1968
$4,078.53
1969
1,818.54
1970
830.40
The following questions have been presented for our determination: (1) whether petitioners are entitled to a deduction for operational costs and depreciation for one of their automobiles in excess of the 75 percent *396 deduction of such costs allowed by respondent for their taxable years 1969 and 1970; (2) whether petitioners are entitled to a deduction for operating costs and depreciation of their yacht for their taxable years 1968, 1969 and 1970; and (3) whether petitioners are entitled to deduct a casualty loss for their taxable year 1968 as a result of damage, if any, sustained by their yacht during a hurricane. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts, together with the exhibits attached thereto, are incorporated herein by this reference. Petitioners, F. Tyler Morgan and Helen W. Morgan, husband and wife, resided in Hixson, Tennessee at the time of filing their petition herein. Their joint Federal income tax returns for their taxable years 1968, 1969 and 1970 were filed with the internal revenue service center, Chamblee, Georgia. Helen W. Morgan is a party to this action only because she joined in the filing of these returns and, accordingly, F. Tyler Morgan will hereinafter be referred to as petitioner. Petitioner, during the years in issue, was a combustion engineer. He was a manufacturer's representative, designing and *397 supervising the installation of heavy firing equipment for industrial and commercial use. Additionally 2 weeks per month he did consultant work for East Tennessee Natural Gas. His office was located approximately 3-1/2 miles from his home. Both jobs required that petitioner travel extensively. Petitioner owned two automobiles during 1969 and 1970. One car was primarily, but not exclusively, used in his trade or business. On his Federal income tax returns for his taxable years 1969 and 1970 petitioner claimed deductions related to the business use of his automobile calculated in the following manner: Year
Amount
Explanation
1969
$2,328.11
gas and oil
1,666.67
depreciation
$3,994.78
1970
$1,865.93
gas and oil
1,666.67
depreciation
$3,532.60 Respondent allowed 75 percent of these amounts ($2,996.08 for 1969 and $2,649.45 for 1970) based on his determination that 75 percent of the use of this car related to petitioner's business. During the taxable years in issue petitioner owned a yacht known as "Southern Lass IV". Petitioner purchased the yacht in 1967 for $33,000. The yacht is a Chris-Craft Constellation, 55 feet in length and *398 14-1/2 feet wide. When purchased it was 12 years old and had a sleeping capacity of 10 people. The log maintained by petitioner on the yacht reflects the dates, places and names of persons on board at various times. Subsequent to the initiation of respondent's tax audit, petitioner made notations on the logs to indicate petitioner's recollection of the business relationship of such persons. According to the yacht's log and guest register the following persons boarded it during the years in issue: Business relationships
per notations made Dates
Persons on board
during 1974 audit
1968
Florida
Jan. 29
Catherine Gladish
Sold heating equipment to
Raymond Gladish
machine shop
Herman Dowlin
Opal Dowlin
Lynn Challis
Feb. 1-2
Herman & Opal Dowlin
Buy structual steel prods.
Fred & Lynn Challis
Tyler & Helen Morgan
March 9-11
[no names entered]
April 14-15
Tyler & Helen Morgan
Fred & Lynn Challis
Raymond & Catherine Gladish
May 4-11
Tyler & Helen Morgan
Fred & Lynn Challis
Polly & Luther Wikerson
Prospt. Tenant
May 16-18
Patsy & Clayton Burton
Employees
Glen, Catherine &
Glenn, Jr. Patterson
Employees
Capt. Ferrell
June 1-4
[no names entered]
Florida to Chattanooga
June 5-25
June 11
Fred & Lynn Challis departed
June 13
Capt. Paul Ferday came aboard
June 15
Mrs. Byrd - Friend of Ernest Holmes
June 21
Capt. Ferday signed off
Katherine & Raymond came aboard
June 23
Gene & Chip Allen
Sold Equipment
Tennessee
July 6-7
Tommy Rutledge, Mary Gill,
Frank & Trudie Jones
July 7
Catherine & Raymond Gladish
July 13
Lanny & Enis Bosion & Cindy
July 20
Glenn & Mary E. Card
1969
April 17
This is a trip requested by the
Tennessee Valley Authority.
Harry & Eileen Bank
Ruth & Graham Wells
Peter Billam
Bud & Mary Cliff
Joy & Dennis Gilliman
Bill Carsworth
Mr. & Mrs. James E. Watson
June 2
Mr. & Mrs. Raymond Gladish
Mr. & Mrs. Gene Allen
August 10
D. B. Jordan
Sarah Robbins
Frances & E.B. "Spider" Favre
Joe & Irene Renfroe
Aug. 29-
Maggie & Gene Allen
Sept. 4
Bill Morgan
August 29
Jim Watson
Dennis
Graham & Ruth Wells
Harry & Eileen Bank
Deno Jordan
August 30
Joyce, Mrs. Marler, Children
were waiting for Bill
Mr. & Mrs. Dan W. Davis, Reba
Sept. 2
Jake & Melba Hull
Bought Equipment
Oct. 5
Sarah Robbins
Frances & E.B. Favre
1970
July 31
Betty Baker
E.T.N.G. Employees did
Jeane & daughter Woolsey
consulting work for firm
Barbara Herron
Don Richardson
Marty Richardson
*399 On June 1, 1968 petitioner left Florida intending to sail to Chattanooga, Tennessee. Dur to bad weather and warnings that an approaching hurricane would cause torrential rains the yacht was returned to its mooring. On June 5 the trip was resumed. Unbeknownst to petitioner the hurricane's course had reversed. It was headed back in the direction of the route chosen by petitioner. The impact of the hurricane hit the yacht while crossing Lake Okeechobee. As a result of damages incurred during the storm, petitioner submitted an insurance claim of $2,136.88 for "hull" damage to the exterior of the yacht. The policy had a $400 deductible clause. Petitioner recovered $1,736.88. He submitted no claim for damages to the interior of the yacht. The insurance policy covered the following damages: Upon the said Vessel, including its Hull, Spars, Sails, Materials, Tenders, Boats, Furniture, Machinery and other fittings, for the value stipulated under the heading "Agreed Value" in the Hull coverage. due to marine perils, losses and misfortunes. Petitioner did not claim a section 165, I.R.C. 1954 casualty loss on his 1968 Federal income tax return. Neither did he claim a section *400 165 loss in his petition to this Court. At trial petitioner moved to amend his original pleadings to allege a section 165(c)(3) loss for damages incurred during the hurricane to the interior of the yacht, and in his brief sets the amount of that loss at not less than $25,000. OPINION Petitioner has presented three issues for our determination. The first of these concerns the availability of a deduction in 1969 and 1970 for operational costs and depreciation for an automobile in excess of the 75 percent deduction allowed by respondent. Of petitioner's two cars, one was used primarily in his trade or business. He testified that this car was occasionally used for other purposes. This car was also used for travel between his home and office when it was necessary for him to stop there. Petitioner offered no records delineating the amount of use that was personal to him. We find, therefore, that there was an appreciable degree of personal use of this car. The burden of proving that respondent's determination is erroneous rests on petitioner. Welch v. Helvering,290 U.S. 111 (1933). With no hard evidence and only vague generalities on the record with respect *401 to the amount of personal use, we find that petitioner has failed to carry his burden of establishing business use in excess of 75 percent. Marcello v. Commissioner,43 T.C. 168 (1964), affd. 380 F.2d 499 (5th Cir. 1967). The second issue for our determination is whether petitioner is entitled to a deduction for operating costs and depreciation of the yacht for each of his taxable years 1968, 1969 and 1970. Because of the typically nonbusiness nature of boating a deduction under section 162 will not be allowed unless we find that petitioner has complied with the substantiation requirements of section 274(a) and (d). [1]
*402 In Nicholls, North, Buse Co. v. Commissioner,56 T.C. 1225 (1971) we found that, where only the guests' names and their business affiliation were concurrently recorded in the boat's log but not the specific business purpose served or even that a business discussion in fact took place, the section 274 substantiation requirements are not satisfied. Petitioner's argument is weaker than that of the taxpayer in Nicholls because he failed to make concurrent notations on the log with respect to the business affiliation of his guests. Neither do we find the two letters confirming that the Gladishes and the Hulls had been "entertained" as "guests" on the yacht corroborative of a business use. The letters state no dates or business purposes nor do they specify business discussions held on such trips. We find that petitioner has failed to comply with the substantiation requirements of section 274. The third issue concerns the allowance of a section 165(c)(3) casualty loss. At trial petitioner moved to amend his original pleadings to allege such loss for his taxable year 1968. The original pleadings were filed on June 19, 1974. The case was set for trial on May 28, 1975. *403 At that time petitioner was granted a continuance. The case was reset for trial on June 14, 1976. Again petitioner was granted a continuance. The case was finally heard on May 26, 1977. Subsequently the motion was filed in written form. Petitioner concedes that no mention of such assignment of error in respondent's determination was made until a conference with respondent some 3 months before trial. Respondent contends that this motion must be denied due to its untimeliness. He contends that he lacked adequate notice to prepare a rebuttal to petitioner's allegation. In California Brewing Assn. v. Commissioner,43 B.T.A. 721 (1941), affd. per curiam 129 F.2d 321 (9th Cir. 1942), we denied such a motion, made at time of trial, where granting it would have caused undue delay and actual unfairness. While we strongly sympathize with respondent's position on the instant facts and would be sorely tempted to sustain his objection, we will not do so because we hold that petitioner cannot prevail on the merits. Petitioner claims that he sustained damages to his yacht in 1968 during a hurricane that should result in a section 165(c)(3) casualty loss of *404 between $25,000 and $30,000. In general, section 165(c)(3)[2] allows a deduction for any casualty loss sustained during the taxable year if not compensated for by insurance. For purposes of applying this section "compensated for by insurance" means covered by insurance. Axelrod v. Commissioner,56 T.C. 248 (1971). *405 The damages that petitioner alleges gave rise to his loss were to the interior of the yacht and were covered under the insurance policy. When damages are covered by an insurance policy but not claimed for fear of cancellation or other business reasons, they no longer are considered to be the result of a casualty but rather losses voluntarily incurred. Axelrod v. Commissioner,supra;Kentucky Utilities Co. v. Commissioner,394 F.2d 631 (6th Cir. 1968). Therefore, we need not determine the amount, if any, of damages incurred to petitioner's yacht during the hurricane. We find that petitioner sustained a casualty loss in his taxable year 1968 only to the extent of the amount of the insurance policy's deductible clause, $400. This amount is subject to the $100 floor. Therefore, his deductible section 165(c)(3) loss is $300. Decision will be entered under Rule 155. Footnotes
1. SEC. 274. DISALLOWANCE OF CERTAIN ENTERTAINMENT, ETC., EXPENSES. (a) Entertainment, Amusement, or Recreation.-- (1) In General.--No deduction otherwise allowable under this chapter shall be allowed for any item-- (A) Activity.--With respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, unless the taxpayer establishes that the item was directly related to * * * the active conduct of the taxpayer's trade or business, or (B) Facility.--With respect to a facility used in connection with an activity referred to in subparagraph (A), unless the taxpayer establishes that the facility was used primarily for the furtherance of the taxpayer's trade or business and that the item was directly related to the active conduct of such trade or business, and such deduction shall in no event exceed the portion of such item directly related to * * * the active conduct of the taxpayer's trade or business. * * *
(d) Substantiation Required.--No deduction shall be allowed-- * * *
(2) for any item with respect to an activity which is of a type generally considered to constitute entertainment, amusement, or recreation, or with respect to a facility used in connection with such an activity * * * * * *
unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense or other item, (B) the time and place of the * * * entertainment, amusement, recreation, or use of the facility * * * (C) the business purpose of the expense or other item, and (D) the business relationship to the taxpayer of persons entertained, using the facility * * *.↩
2. SEC. 165. LOSSES. (a) General Rule.--There shall be allowed as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise. * * *
(c) Limitation on Losses of Individuals.--In the case of an individual, the deduction under subsection (a) shall be limited to-- (1) losses incurred in a trade or business; * * *
(3) losses of property not connected with a trade or business, if such losses arise from fire, storm, shipwreck, or other casualty, or from theft. A loss described in this paragraph shall be allowed only to the extent that the amount of loss to such individual arising from each casualty, or from each theft, exceeds $100. For purposes of the $100 limitation of the preceding sentence, a husband and wife making a joint return under section 6013 for the taxable year in which the loss is allowed as a deduction shall be treated as one individual.↩